# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LATASHA WILLIAMS**<br>on behalf of her child,<br>Jane Doe<br>850 Euclid Avenue Suite 701<br>Cleveland, OH 44114<br><br>Plaintiffs,<br>-vs-<br><br>**LORAIN CITY SCHOOL DISTRICT BOARD OF EDUCATION**<br>2601 Pole Avenue<br>Lorain, OH 44052<br><br>and<br><br>**MONIKA SOMMERS-FRIDENSTINE,** in her official and personal capacity<br>2601 Pole Avenue<br>Lorain, OH 44052<br><br>Defendants. | **COMPLAINT**<br><br>Trial by Jury Endorsed Hereon |

## INTRODUCTION

1. This is an action brought to secure enforcement of federally protected rights arising out of governmental misconduct, encroachment and abuse in violation

of the Fourth and Fourteenth Amendments to the Constitution of the United States and in its application.

2. The Plaintiff seek declaratory, injunctive relief and damages.

## CLAIMS AND JURISDICTION

3. This action is initiated pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983, to redress the deprivation under color of law and under color of the statutes, ordinance, regulation, custom or usage of rights, privileges and immunities secured to Plaintiffs under the Fourth and Fourteenth Amendment to the United States Constitution.

4. Jurisdiction is invoked pursuant to 28 U.S.C §§ 1331 and 1343(a)(3) and (4). To the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. §§ 2201 and 2202.

5. At all times relevant to this complaint, Defendants have acted under color of law and under color of the statutes, ordinances, charter, regulations, customs, usages and practices of local government and a government official of the city of Lorain, Ohio.

## PARTIES

6. Plaintiff Latasha Williams, on behalf of her daughter, Jane Doe, are persons who reside in Lorain County, Ohio within the jurisdiction of the United States District Court for the Northern District of Ohio.

7. Defendant Lorain City School District Board of Education is a political subdivision of the State of Ohio charged with the administration of a public school district, is obligated to operate pursuant to the rules and regulations of the State of Ohio and pursuant to obligations under the Constitution of the State of Ohio and the United States, and is an entity operating public education in and around the City of Lorain and others and is otherwise responsible for the formulation, implementation and enforcement of all policies, practices, procedures, acts and conduct regarding the administration of matters affecting the children attending public schools in those communities and regarding the administration of matters affecting the children and families.

8. Defendant Monika Sommers-Fridenstine is an employee for the Defendant Lorain City School District Board of Education who was at all relevant times employed by the Lorain City School District and, upon information and belief, remains employed to date.

## COUNT I

### SUBSTANTIVE DUE PROCESS CLAIMS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

9. Plaintiff reasserts the foregoing allegations and incorporate them by reference as if fully set forth herein.

10. Latasha Williams ("Williams") is the mother of nine-year-old Jane Doe.

11. Jane Doe is African American.

12. Jane Doe attends Palm Elementary School.

13. On November 21, 2021, Jane Doe was in the cafeteria of the school during her lunch period.

14. After getting her lunch, Jane Doe sat down with her friends to begin eating her waffles.

15. After eating a few bites, Jane Doe decided she did not like the waffles.

16. Jane Doe raised her hand and Debra Pustulka ("Pustulka"), a principal at the school, walked over to Jane Doe.

17. Jane Doe asked for a different meal as the school offers two options each day.

18. Ms. Pustulka told Jane Doe that she needed to finish what was on her tray.

19. Not wanting to eat the waffles as she did not like them, Jane Doe decided she would be finished eating.

20. Jane Doe walked over and threw out the remaining waffles she did not want.

21. Hundreds of other kids each day throw away the remaining food on their lunch trays without issue.

22. Defendant Monika Sommers-Fridenstine ("Sommers") was standing next to the garbage when Jane Doe threw away her lunch.

23. Sommers is Caucasian.

24. After Jane Doe threw her waffles away in the garbage, Sommers pulled from the garbage and recovered the remaining waffles.

25. Sommers then told Jane Doe to go get a paper towel.

26. Not understanding why, but wanting to obey the adult's request, Jane Doe retrieved a paper towel where she got her lunch and brought it back to Sommers.

27. Sommers told Jane Doe to go sit down and that she would be required to eat the waffles Sommers dug out of the garbage.

28. Sommers was acting under color of law in employing her authority over a child in the lunchroom.

29. Hundreds of Caucasian children have thrown away their lunches at Palm Elementary School and, upon information and belief, have never been required to eat food pulled from the garbage.

30. Sommers walked over to Jane Doe's table, sat next to Jane Doe, crossed her arms and stared at Jane Doe.

31. Jane Doe was frightened and embarrassed.

32. Jane Doe looked at Sommers and the other kids at her lunch table.

33. All the other kids began to laugh at her.

34. Sommers forced Jane Doe to finish each of the waffles that had been in the garbage.

35. After finishing the waffles, Jane Doe began to fill ill.

36. When Jane Doe arrived home, she told her mother what had happened.

37. With Jane Doe still not feeling well, Williams took her daughter to the doctor.

38. Jane Doe had developed a fever.

39. Since the incident, Jane Doe has required mental health treatment regarding the incident.

40. The acts and conduct of Defendants were in wanton and reckless disregard of the rights and feelings of the Plaintiff arising out of Defendant Sommer's humiliating actions.

41. As a result of the acts and conduct by Defendants, Jane Doe was deprived of her personal and individual rights ensured under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

42. As a result of the acts and conduct of Defendants, Jane Doe has suffered from significant emotional distress, pain and suffering.

43. As a result of the acts and conduct of Defendants, Jane Doe fell ill from being required to eat food dug out of the garbage.

44. The acts and conduct of Defendants Lorain City School District Board of Education and Monika Sommers-Fridenstine resulted as a consequence of their deliberate indifference to the rights of Jane Doe and in derogation of the due process rights of the Jane Doe.

## COUNT II

### CLAIMS UNDER THE FOURTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

45. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

46. As an employee of the Lorain City School District, Sommers acted under the authority of her governmental position and under color of state law on behalf of Defendant Lorain City School District Board of Education.

47. As a result of the acts and conduct by the Defendants, Jane Doe has been deprived of her personal and individual rights and freedoms insured under the Fourth Amendment to the Constitution of the United States.

48. Defendant Sommers, while acting under color of state law, detained and humiliated Jane Doe.

49. Defendant Sommer's actions were recorded.

50. As a result of the acts and conduct of Defendants, Jane Doe has suffered severe emotional distress in addition to other injuries.

51. Jane Doe's loss is irreparable because it will be impossible to restore her stable emotional state prior to her rights being violated by Defendants.

52. The acts and conduct of Defendants were based on deliberate indifference to the rights of Jane Doe and in derogation of her constitutional rights.

## COUNT III

## VIOLATION OF THE EQUAL PROTECTION CLAUSE UNDER THE FOURTEENTH AMENDENT TO THE CONSTITUTION OF THE UNITED STATES

53. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

54. All actions taken against Jane Doe were done so under color of state law by government officials in their governmental positions.
55. Defendants engaged in acts and practices which constitute governmental discrimination.
56. Jane Doe is a member of a constitutionally protected class because she is African American.
57. No Caucasian students were required to eat food pulled from the garbage at Palm Elementary School.
58. Jane Doe was targeted on account of her race under color of state law.
59. As a result of the acts and conduct of Defendants, Jane Doe suffered physical and emotional injuries which she continues to endure and for which Defendants are responsible.
60. Defendants continue to be deliberately indifferent to the suffering of Jane Doe.
61. The acts and conduct of the Defendants were intentional, malicious and in wanton and reckless disregard of the rights and feelings of Jane Doe.

## COUNT IV

## CLAIMS ARISING OUT OF DEFENDANT LORAIN CITY SCHOOL DISTRICT'S FAILURE TO TRAIN

62. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

63. Defendant Lorain City School District Board of Education is obligated to train and enforce policies of its employees to ensure that citizens and children are not subjected to inappropriate and abusive misconduct.

64. Defendant Lorain City School District Board of Education is required to make sure its employees understand the consequences of employee misconduct.

65. Defendant Lorain City School District Board of Education is obligated to be educated about the rights of children and their right not to be wrongfully detained, harassed and humiliated by employees.

66. Defendant Lorain City School District Board of Education knew or should have known that the training of Sommers was inadequate.

67. The acts and conduct of the Lorain City School District Board of Education in failing to ensure that Sommers was not adequately trained arose out of the deliberate indifferences of Defendant Lorain City School District Board of Education and was in wanton and reckless disregard of the rights and feelings of Jane Doe.

68. As a result of the failure of Defendant Lorain City School District Board of Education to adequately provide sufficient training concerning the rights of diverse children, Jane Doe has suffered and will continue to suffer substantial emotional pain physical pain and suffering.

69. The acts and conduct of Defendant Lorain City School District Board of Education demonstrated deliberate indifference to the rights of Jane Doe.

## COUNT V

## INTENTIONAL INFLICTION OF EMOTION DISTRESS

70. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

71. Being forced to eat food dug out of the garbage by an employee under color of state law was and will continue to be a traumatizing and disturbing experience for any child.

72. When an employee holds a position of trust and authority over children and forces a child to eat food extracted from the garbage in front of other students, that individual intends or, at a minimum, is aware of the likelihood of generating injury.

73. The actions of Sommers constitutes an intentional infliction of emotional and mental distress of severe consequence.

74. By wrongfully restraining Jane Doe and forcing her to eat food dug out of the garbage, Sommers knew it would result in serious emotional and mental distress inflicted by her.

75. Defendant Sommers knew it was likely to inflict serious emotional and mental injury on a child when she harassed, bullied and forced the child to eat food taken out of the garbage.

76. Defendant's actions exceed all reasonable bounds of decency and is intolerable in a civilized society.

77. Defendant's actions proximately caused Jane Doe's emotional injury, psychological injury and loss of quality of life.

78. The mental anguish suffered by Jane Doe is serious, consequential and should not have to be endured by any child seeking to attend school in a safe environment.

79. The acts and conduct of Sommers were intentional, malicious and in wanton and reckless disregard of the rights and feelings of Jane Doe.

80. The acts and conduct of Sommers were undertaken with deliberate indifferences.

81. Jane Doe has sustained significant emotional injuries arising out of the Defendant's unlawful actions.

## COUNT VI
## DEPRIVATION OF RIGHTS TO BE FREE FROM ASSAULT AND BATTERY

82. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

83. Defendant Sommers, while detaining Jane Doe, forced her to eat food extracted from the garbage.

84. Being forced to eat food dug out of the garbage with Sommers staring her down, made Jane Doe feel further endangered for her safety.

85. As a result of the acts and conduct of Defendant Sommers, personally and under color of state law, Jane Doe suffered physical and emotional injuries which she continues to endure.

86. Sommers continues to be deliberately indifferent to the suffering she caused.

87. The acts and conduct of Sommers were intentional, malicious and in wanton and reckless disregard of the rights and feelings of Jane Doe.

WHEREFORE, Plaintiff urges this Court to grant the following relief:

    A. Declare that the acts and conduct of the Defendants constitute violations of the Fourteenth Amendment to the Constitution of the United States, and the Fourth Amendment to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983;

    B. Preliminarily and permanently enjoin the Defendants, their representatives and all others working in concert with them from engaging in the future in the actions which have the purpose or effect of depriving citizens of rights insured under the Fourth Amendment and the Fourteenth Amendment;

    C. Grant to the Plaintiff and against the Defendant Lorain City School District Board of Education appropriate compensatory damages;

    D. Grant to the Plaintiff against Defendant Monika Sommers-Fridenstine appropriate compensatory, exemplary and punitive damages;

    E. Grant to the Plaintiff and against Defendants a statutory reasonable attorney fee and costs;

F. Grant any additional relief the Court deems just, equitable and in the public interest.

| | |
|---|---|
| *s/ Avery Friedman* | *s/ Jared S. Klebanow* |
| Avery Friedman (0006103) | Jared S. Klebanow (0092018) |
| AVERY FRIEDMAN & ASSOCIATES | KLEBANOW LAW, LLC |
| 701 The City Club Building | 701 The City Club Building |
| 850 Euclid Avenue | 850 Euclid Avenue |
| Cleveland, Ohio 44114 | Cleveland, Ohio 44114 |
| P: (216) 621-9282 | P: (216) 621-8230 |
| avery@lawfriedman.com | jklebanow@klebanowlaw.com |
| fairhousing@gmail.com | |

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands trial by jury.

/s/Jared Klebanow
Jared Klebanow